# UNITED STATES DISTRICT COURT

| WESTERN | District of | WASHINGTON |
|---|---|---|

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| **V.** | |
| DIAMOND WENDELL ALEXANDER JR. | Case Number:    2:10CR00010RSL-001 |
| | USM Number:    39857-086 |

**Date of Original Judgment:**   June 17, 2011
(Or Date of Last Amended Judgment)

Lynn C. Hartfield
Defendant's Attorney

**Reason for Amendment:**

- [ ] Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- [ ] Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- [ ] Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- [ ] Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- [ ] Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- [ ] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- [ ] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- [ ] Direct Motion to District Court Pursuant   [ ] 28 U.S.C. § 2255 or [ ] 18 U.S.C. § 3559(c)(7)
- [x] Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:

- [x] pleaded guilty to count(s)   6 and 9 of the Superseding Indictment.
- [ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.
- [ ] was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1344 | Bank Fraud | 07/28/2009 | 6 |
| 18 U.S.C. § 1028A | Aggravated Identity Theft | 07/28/2009 | 9 |

The defendant is sentenced as provided in pages   2 through 10   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- [ ] The defendant has been found not guilty on count(s) _____
- [x] Count(s)   1,2,3 and 7   [ ] is [x] are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

FILED    ENTERED
LODGED    RECEIVED

**AUG 02 2011**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY     DEPUTY

**10-CR-00010-JGM**

Vincent T. Lombardi
Assistant United States Attorney

June 17, 2011
Date of Imposition of Judgment

_RMt S Caswik_
Signature of Judge

The Honorable Robert S. Lasnik
Chief United States District Judge

July 29, 2011
Date

Judgment — Page ___2___ of ___10___

DEFENDANT:        DIAMOND WENDELL ALEXANDER JR
CASE NUMBER:      2:10CR00010RSL-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 36 months on count 6, plus 24 months mandatory consecutive to count 9, for a total sentence of 60 months

☒   The court makes the following recommendations to the Bureau of Prisons:
    Placement at the Sheridan, OR facility

☒   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____ ☐ a.m.   ☐ p.m.   on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

    Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release    2:10CR-00010-RSL    Document 161    Filed 08/02/11    Page 3 of 10

Judgment—Page    3    of    10

DEFENDANT:        DIAMOND WENDELL ALEXANDER JR
CASE NUMBER:      2:10CR00010RSL-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    5        years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug and/or alcohol test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight valid tests per month, pursuant to 18 U.S.C. § 3563(a)(5) and 18 U.S.C. § 3583(d).

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:        DIAMOND WENDELL ALEXANDER JR
CASE NUMBER:      2:10CR00010RSL-001

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate as instructed by the U.S. Probation Officer in a program approved by the probation office for treatment of narcotic addiction, drug dependency, or substance abuse, which may include testing to determine if defendant has reverted to the use of drugs or alcohol. The defendant shall also abstain from the use of alcohol and/or other intoxicants during the term of supervision. Defendant must contribute towards the cost of any programs, to the extent defendant is financially able to do so, as determined by the U.S. Probation Officer.

The defendant shall submit his/her person, residence, office, safety deposit box, storage unit, property, or vehicle to a search, conducted by a U.S. Probation Officer or any other law enforcement officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation; the defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition.

The defendant shall participate as directed in a mental health program approved by the United States Probation Office, which may include completion of Moral Reconation Therapy (MRT). The defendant must contribute towards the cost of any programs, to the extent the defendant is financially able to do so, as determined by the U.S. Probation Officer.

Restitution in the amount of **$224,380.42** is due immediately. Any unpaid amount is to be paid during the period of supervision in monthly installments of not less than 10% of his or her gross monthly household income. Interest on the restitution shall be waived.

The defendant shall provide his or her probation officer with access to any requested financial information including authorization to conduct credit checks and obtain copies of the defendant's Federal Income Tax Returns.

The defendant shall maintain a single checking account in his or her name. The defendant shall deposit into this account all income, monetary gains, or other pecuniary proceeds, and make use of this account for payment of all personal expenses. This account, and all other bank accounts, must be disclosed to the probation office.

If the defendant maintains interest in any business or enterprise, the defendant shall, upon request, surrender and/or make available, for review, any and all documents and records of said business or enterprise to the probation office.

The defendant shall disclose all assets and liabilities to the probation office. The defendant shall not transfer, sell, give away, or otherwise convey any asset, without first consulting with the probation office.

The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obtaining a loan without approval of the defendant's U.S. Probation Officer.

The defendant shall not be self-employed nor shall the defendant be employed by friends, relatives, associates or persons previously known to the defendant, unless approved by the U.S. Probation Officer. The defendant will not accept or begin employment without prior approval by the U.S. Probation Officer and employment shall be subject to continuous review and verification by the U.S. Probation Office. The defendant shall not work for cash and the defendant's employment shall provide regular pay stubs with the appropriate deductions for taxes.

The defendant shall not obtain or possess any driver's license, social security number, birth certificate, passport or any other form of identification in any other name other than the defendant's true legal name, without the prior written approval of the Probation Officer.

AO 245C    (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
Case 2:10-cr-00010-RSL    Document 161    Filed 08/02/11    Page 5 of 10

Judgment — Page  5  of  10

DEFENDANT:        DIAMOND WENDELL ALEXANDER JR
CASE NUMBER:      2:10CR00010RSL-001

# CRIMINAL MONETARY PENALTIES

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200 | $ Waived | $ 224,380.42 |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be
entered after such determination.

☒  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in
   the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid
   before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| See Attached "Additional Restitution Payees" | 224,380.42 | 224,380.42 | |
| **TOTALS** | $        224380.42 | $        224380.42 | |

☒  Restitution amount ordered pursuant to plea agreement  $    224,380.42

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the
   fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject
   to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☒  the interest requirement is waived for the  ☐  fine  ☒  restitution.

   ☐  the interest requirement for the     ☐  fine  ☐  restitution is modified as follows:

☒  The court finds that the defendant is financially unable and is unlikely to become able to pay a fine and, accordingly, the imposition of
   a fine is waived

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after
September 13, 1994, but before April 23, 1996.

Case 2:10-cr-00010-RSL   Document 161   Filed 08/02/11   Page 6 of 10

| | | Judgment—Page | 6 | of | 10 |

DEFENDANT:       DIAMOND WENDELL ALEXANDER JR
CASE NUMBER:     2:10CR00010RSL-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Bank of America<br>attn: Brenda Folks<br>3949 E. Chandler Blvd<br>Phoenix, AZ 85048 | $98,389.48 | $98,389.48 | |
| Banner Bank<br>attn: Fraud Prevention<br>P.O. Box 1589<br>Bothell, WA 98041 | $1,011.40 | $1,011.40 | |
| BECU<br>attn: MS 1062-1<br>12770 Gateway Drive<br>Tukwila, WA 98168 | $15,613.89 | $15,613.89 | |
| Capital One Bank<br>attn: Specialty Investigations<br>P.O. Box 85582<br>Richmond, VA 23260 | $3,033.56 | $3,033.56 | |
| Chase Bank<br>attn: Chase Card Services<br>P.O. Box 399<br>Hicksville, NY 11802 | $14,953.18 | $14,953.18 | |
| Citibank<br>attn: Vicky Yeager<br>14700 Citicorp Dr., Bldg 2<br>Hagerstown, MD 21742 | $31,603.16 | $31,603.16 | |
| Columbia Bank<br>MS 6935<br>P.O. Box 2156<br>Tacoma, WA 98401-2156 | $69.95 | $69.95 | |
| First Tech Credit Union<br>attn: Fraud Dept<br>P.O. Box 2100<br>Beaverton, OR 97075 | $705.00 | $705.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:        DIAMOND WENDELL ALEXANDER JR
CASE NUMBER:      2:10CR00010RSL-001

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| HSBC Bank USA<br>attn: Fraud Dept<br>P.O. Box 2013<br>Buffalo, NY 14240 | $2,730.81 | $2,730.81 | |
| KeyBank N.A.<br>attn: Fraud Charge-off Dept<br>P.O. Box 1816<br>Tacoma, WA 98401 | $6,131.10 | $6,131.10 | |
| Seattle Metro Credit Union<br>attn: Fraud Dept<br>801 Third Ave<br>Seattle, WA 98104 | $89.31 | $89.31 | |
| US Bank<br>attn: Investigative Services<br>P.O. Box 304<br>Milwaukee, WI 53201 | $21,963.46 | $21,963.46 | |
| WSECU<br>attn: Loss Prevention and<br>    Compliance<br>P.O. Box WSECU<br>Olympia, WA 98507 | $1,837.92 | $1,837.92 | |
| Watermark Credit Union<br>attn: Risk Management<br>P.O. Box 24927<br>Seattle, WA 98124-0927 | $8,766.50 | $8,766.50 | |
| Wells Fargo Bank<br>attn: Darran Mazaika<br>85 Cleveland Rd, 1st Floor<br>Pleasant Hill, CA 94523 | $13,291.84 | $13,291.84 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 5B — Criminal Monetary Penalties

Judgment—Page ___8___ of ___10___

DEFENDANT:        DIAMOND WENDELL ALEXANDER JR
CASE NUMBER:      2:10CR00010RSL-001

# *ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Daniel Bolstad | $108.00 | $108.00 | |
| Rafael Gonzalez | $817.68 | $817.68 | |
| Roberta Hathaway | $120.00 | $120.00 | |
| Ibrahim Hussein | $1,175.00 | $1,175.00 | |
| Michael Miland | $615.00 | $615.00 | |
| Lauren Myers | $863.00 | $863.00 | |
| Isaiah Sarju | $11.76 | $11.76 | |
| Modou Senghor | $224.00 | $224.00 | |
| Leslie Serling | $200.42 | $200.42 | |
| Gabrial Stone | $55.00 | $55.00 | |
| **Totals:** | **$224,380.42** | **$224,380.42** | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

| Judgment — Page | 9 | of | 10 |

DEFENDANT:        DIAMOND WENDELL ALEXANDER JR
CASE NUMBER:    2:10CR00010RSL-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

☒ **PAYMENT IS DUE IMMEDIATELY.** Any unpaid amount shall be paid to Clerk's Office, United States District Court, 700 Stewart Street, Seattle, WA 98101.

☒ During the period of imprisonment, no less than 25% of their inmate gross monthly income or $25.00 per quarter, whichever is greater, to be collected and disbursed in accordance with the Inmate Financial Responsibility Program.

☒ During the period of supervised release, in monthly installments amounting to not less than 10% of the defendant's gross monthly household income, to commence 30 days after release from imprisonment.

☐ During the period of probation, in monthly installments amounting to not less than 10% of the defendant's gross monthly household income, to commence 30 days after the date of this judgment.

The payment schedule above is the minimum amount that the defendant is expected to pay towards the monetary penalties imposed by the Court. The defendant shall pay more than the amount established whenever possible. The defendant must notify the Court, the United States Probation Office, and the United States Attorney's Office of any material change in the defendant's financial circumstances that might affect the ability to pay restitution.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to the United States District Court, Western District of Washington. For restitution payments, the Clerk of the Court is to forward money received to the party(ies) designated to receive restitution specified on the Criminal Monetaries (Sheet 5) page.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several and corresponding payee, if appropriate.

See page 9.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245C    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 6A — Schedule of Payments

DEFENDANT:        DIAMOND WENDELL ALEXANDER JR
CASE NUMBER:      2:10CR00010RSL-001

## ADDITIONAL DEFENDANTS AND CO-DEFENDANTS HELD JOINT AND SEVERAL

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| Lee, Crystal Loren (002) | 220,190.56 | 220,190.56 | |
| St Cyr, Cassie Louise (003) | 3,000 | 3,000 | |
| Harris, Timur Rashiel (004) | 30,843.86 | 30,843.86 | |
| Peterson, Ashley (2:10CR00014RSL-001) | 194,639.34 | 194,639.34 | |